**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABSALON S. VELASCO; et al., | No. 11-17760 |
| Plaintiffs - Appellants, | D.C. No. 1:10-cv-00239-DAE-KSC |
| v. | |
| SECURITY NATIONAL MORTGAGE COMPANY, dba Security National Mortgage Company, Inc.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted February 11, 2013[**]
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiffs Absalon, Say, and Garry Velasco appeal from the district court's

dismissal of their second amended complaint without leave to amend. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Plaintiffs' new theory raised for the first time on appeal—that Defendants violated Hawaii Revised Statutes section 667-5 (2008)—is barred by waiver. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007). In any event, the district court did not abuse its discretion in denying Plaintiffs leave to amend a third time. See Howard v. Everex Sys., Inc., 228 F.3d 1057, 1068 (9th Cir. 2000) ("[T]here was no error because no such claims were ever asserted and there is no indication that plaintiff requested . . . leave to amend her complaint to assert them."); Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 677 (9th Cir. 1993) ("[A] district court does not abuse its discretion in denying leave to amend where the movant has presented no new facts but only new theories and has provided no satisfactory explanation for his failure to develop the new contentions originally.").

Plaintiffs do not challenge the district court's analysis of the merits of their most recent claims. We therefore need not reach Plaintiffs' challenge to the district court's alternative holding that they lack standing to challenge the assignment.

We have carefully considered each of Plaintiffs' remaining arguments, and none is persuasive.

**AFFIRMED.**

2